In the Matter of GARY B. FRANKLIN (Admitted as GARY BLANDON FRANKLIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 20, 1991

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* for petitioner.

*John Laurence Kase* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney

under the name Gary Blandon Franklin by this court on December 18, 1963.

In this proceeding the Special Referee sustained the three charges of professional misconduct alleged against the respondent. The petitioner moved to confirm the report of the Special Referee, and the respondent cross-moved to disaffirm the report.

Charge one alleged that the respondent had engaged in conduct involving fraud, deceit and misrepresentation with respect to the conveyance of real property. On or about August 21, 1974, the respondent represented Howard C. Johnson in the sale of his house. At the closing, the purchasers, the Ortolanos, were given a three-year option to purchase an adjoining vacant lot for $3,000. They failed to exercise that option, which expired in August 1977. Thereafter, on December 21, 1981, the respondent represented the Ortolanos in the sale of the house to the Kupencows. The respondent, without the knowledge or consent of Mr. Johnson, entered into a contract, bearing the forged signature of Mr. Johnson, to sell the adjoining vacant lot to the Kupencows.

Charge two alleged that the respondent had engaged in conduct involving deceit, deception and misrepresentation, in that in August 1974, the respondent had Mr. Johnson sign a blank deed, purportedly to facilitate the purchase of the vacant lot by the Ortolanos. However, on or about May 3, 1982, several years after the option to purchase the vacant lot had expired, the respondent, without the knowledge or consent of Mr. Johnson, sold the vacant lot to the Kupencows for $4,500. The respondent gave the Kupencows the deed to which he had attached his notarial seal and signature, attesting to the fact that Mr. Johnson had signed the deed in his presence on April 2, 1982.

Charge three alleged that the respondent had engaged in conduct involving dishonesty, fraud, deceit and conduct that adversely reflects on his fitness to practice law by converting the $4,500 he received from the Kupencows for the vacant lot to his own use and benefit.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining the charges of misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's motion to disaffirm the report is denied.

The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BROWN, KUNZEMAN and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's motion to disaffirm the report is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Gary B. Franklin, admitted under the name Gary Blandon Franklin, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Gary B. Franklin, admitted under the name Gary Blandon Franklin, is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.