[701 NYS2d 656]

In the Matter of JACK D. GLAZER (Admitted as JACK DAVID GLAZER), an Attorney, Resignor.

Second Department, January 24, 2000

#### APPEARANCES OF COUNSEL

*Jack D. Glazer,* Lindenhurst, resignor *pro se.*

*Grace D. Moran,* Syosset (*Muriel L. Gennosa* of counsel), for Grievance Committee for the Tenth Judicial District.

#### OPINION OF THE COURT

Per Curiam.

Jack D. Glazer has submitted an affidavit, dated November 11, 1999, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Glazer was admitted to the practice of law at a term of the Appellate Division of

the Supreme Court in the Second Judicial Department on February 21, 1958, under the name Jack David Glazer.

Mr. Glazer avers that he is cognizant of an ongoing investigation by the Grievance Committee into allegations of his professional misconduct. He was informed by the Grievance Committee that charges based on the following allegations would definitely be prosecuted in a disciplinary proceeding which it would recommend to the Court.

Mr. Glazer avers that he has practiced law for approximately 25 years with Gary B. Franklin, who was disbarred by opinion and order of this Court, dated May 20, 1991 (see, *Matter of Franklin,* 168 AD2d 4). During the partnership, Franklin had sole management of the firm's financial and administrative records. Mr. Glazer acknowledges that the firm failed to keep bank and bookkeeping records relating to its escrow account. After Franklin's disbarment, Mr. Glazer learned of numerous escrow conversions and improper commingling of personal and client funds. He also discovered that the balance of the firm's escrow account was insufficient to meet its escrow responsibilities. Nevertheless, he failed to disclose Franklin's misconduct to the Grievance Committee. Instead, he attempted to reimburse the firm's escrow account by withdrawing the firm's pension funds and depositing them into the firm's escrow account without the knowledge or consent of the pension beneficiaries. Mr. Glazer contends that, aside from Franklin and himself, the pension beneficiaries have been reimbursed.

Mr. Glazer acknowledges that he could not successfully defend himself on the merits against any disciplinary charges which might be based on these facts. He avers that his resignation is freely and voluntarily tendered, and that he has not been subject to coercion or duress. He has discussed his decision to resign with his attorney and others whose advice and counsel he respects, and he is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 and the rules of the Second Department from seeking reinstatement as an attorney for at least seven years.

Mr. Glazer's resignation is submitted subject to any application which might be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). Mr. Glazer acknowledges the continuing jurisdiction of this Court to make such an order. He waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The proffered resignation complies with all appropriate Court rules, and it is therefore accepted and directed to be filed. Accordingly, Jack D. Glazer is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., O'BRIEN, RITTER, SANTUCCI and H. MILLER, JJ., concur.

Ordered that the resignation of Jack D. Glazer is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jack D. Glazer is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Jack D. Glazer shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jack D. Glazer is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.